IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| SHANIKA NATASHA JONES, | * | |
| Petitioner, | * | |
| | | CASE NO. 1:09-CV-90067 WLS |
| vs. | * | 28 U.S.C. § 2255 |
| | | CASE NO. 1:05-CR-13 WLS |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Petitioner Jones was originally indicted in this court on February 17, 2005 (Doc. 1), and then charged by Superseding One-Count Indictment (Doc. 112) with Conspiracy to Defraud the United States Department of the Treasury in violation of 18 U.S.C. § 286.  She pleaded not guilty but was found guilty of the charge after a five-day jury trial. (Doc. 188).  Subsequent to the preparation of a PreSentence Investigation Report (PSR), Jones was sentenced to a term of imprisonment of 78 months.  (Doc. 214).  She filed a timely appeal of her conviction which was affirmed by decision of the  United States Court of Appeals for the Eleventh Circuit issued on May 4, 2008.  (Doc. 247). Petitioner Jones filed a Petition for *Writ of Certiorari* with the United States Supreme Court which was denied on November 3, 2008.  *See Jones v. United States,* 129 S.Ct. 511 (2008).

Jones filed a Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, on September 24, 2009.  (Doc. 250).  The Government filed an Answer to Petitioner's Motion To Vacate, Set Aside, or Correct Sentence on December 11, 2009. (Doc. 256).  Petitioner's Motion To Vacate, Set Aside, or Correct Sentence is before the court for final determination.

Various allegations of ineffective assistance of counsel are gleaned from Petitioner's Motion and attached Memorandum.  Petitioner has the burden of establishing the ineffective assistance of her

counsel and the standard for doing so is as follows:

>   To prevail on a claim of ineffective assistance of counsel, a movant bears the burden of establishing by a preponderance of the evidence that his attorney's performance was deficient and that he was prejudiced by the inadequate performance. *Strickland v. Washington*, 466 U.S. 668 (1984); *Chandler v. United States*, 218 F.3d 1305 (11th Cir. 2000). To establish deficient performance, a defendant must prove that his counsel's performance was unreasonable under prevailing professional norms and that the challenged action was not sound strategy. There is a strong presumption that the challenged action constituted sound trial strategy. *Chatelain v. Singletary*, 89 F.3d 749 (11th Cir. 1996). In order to show that counsel's performance was unreasonable, a petitioner must show that no competent counsel would have taken the action in question. *Van Poyck v. Fla. Dept. of Corr.*, 290 F.3d 1318 (11th Cir. 2002). To satisfy the prejudice prong, a petitioner must show that there is a reasonable probability that, but for counsel's inadequate representation, the proceedings would have been different. *Mills v. Singletary*, 63 F.3d 999 (11th Cir. 1995); *Meeks v. Moore*, 216 F.3d 951 (11th Cir. 2000). If a defendant fails to establish that he suffered prejudice as a consequence of the alleged ineffective assistance, a court need not address the performance prong of the *Strickland* test. *Holiday v. Haley*, 209 F.3d 1243 (11th Cir. 2000).

Counsel cannot be considered ineffective for failing to raise claims that lack merit. *See Alvord v. Wainright,* 725 F.2d 1282, 1291 (11th Cir. 1984). The Eleventh Circuit Court of Appeals stated in *Rogers v. Zant,* 13 F.3d 384, 386 (1994):

>   The cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having

> produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 2064 (1984). To establish prejudice, the Petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694..... When reviewing whether an attorney is ineffective, courts "should always presume strongly that counsel's performance was reasonable and adequate." *Atkins v. Singletary*, 965 F. 2d 952, 958 (11th Cir. 1992). And, "a court should be highly deferential to those choices ... that are arguably dictated by a reasonable trial strategy." *Devier v. Zant*, 3 F.3d 1445, 1450 (11th Cir. 1993). Even if many reasonable lawyers would not have done as defense counsel did at trial, no relief can be granted on ineffectiveness grounds unless it is shown that no reasonable lawyer, in the circumstances, would have done so. This burden, which is petitioner's to bear, is and is supposed to be a heavy one.

In Petitioner's **Ground One**, she acknowledges that the superseding indictment returned on August 24 (Doc. 112), charged Marvin Kirk Jones, herself, and Sylvia Ann Jones with Conspiracy to Defraud the Government with Respect to Claims. Petitioner Shanika Jones states, "Notably the indictment did not charge that there were any other conspirators either known or unknown." Petitioner then states, "My counsel did not submit a motion to suppress." By this inference, Petitioner seems to be claiming that her counsel was ineffective for failing to move to quash the superseding indictment for the absence of the term, *"other conspirators either known or unknown."* Title 18 U.S.C. § 286 provides:

> Whoever enters into any agreement, combination, or conspiracy to defraud the United States, or department or agency thereof, by obtaining or aiding to obtain the payment or allowance of any false, fictitious or fraudulent claim, shall be fined under this title or imprisoned not more than ten years or both.

The indictment charged the statutory language and was not, therefore, deficient, defective or subject to a motion to suppress or to quash. Petitioner's initial claim is without merit.

Petitioner Jones continues in her Ground One claim stating that:

3

> At trial the evidence showed that I had taken phone calls from my father, Marvin Kirk Jones, who is serving a life in sentence in prison. It also showed that I had let my father use my address in his scheme of filing false claims to secure refunds from the IRS. It stated that I had received 5 of the 100 IRS checks and cashed them for him. Notably I gave my father the money and I only received compensation to pay for the phone calls I had received from him.

Petitioner Jones adds, "My court appointed counsel failed to present evidence to substantiate my claims and role in my father's IRS fraudulent scheme which he operated in prison." Petitioner Jones does not further elaborate upon her role in the fraudulent scheme, except to contend that it was a minor role, to obtain a sentence below the advisory guideline range. She does not suggest what evidence her counsel might have presented to substantiate her claims of minor role, nor how the outcome of her conviction and sentence might have been different. She has not carried her burden of proof as to ineffective assistance of counsel or prejudice to her case on these vague and conclusory claims. "Conclusory allegations of ineffective assistance are insufficient. *United States v. Lawson,* 947 F.2d 849, 853 (7th Cir. 1991)." *Wilson v. United States,* 962 F.2d 996 (11th Cir. 1992).

Petitioner Jones continues in Ground One contending that, "My counsel failed to inform me [or notify the court] of her conflict of interest because she represented Mr. Emmitt Hunt, a witness for the prosecution who testified against me." First, Petitioner's assertion that Emmitt Hunt "testified against me," is not supported by the record. An exacting examination of the testimony of Emmitt Hunt, as appears in the trial transcript (Doc. 277 at 65-86), reveals that Hunt never made any reference, veiled or otherwise, to Petitioner Shanika Jones. His testimony was completely limited to what he had observed Defendant Marvin Jones doing in the Dougherty County Jail and what he hoped to get out of testifying against Marvin Jones. Nothing in Hunt's testimony would have led to the conclusion that there was any conflict with Shanika Jones' counsel as the result of her having

4

represented Hunt.  To the contrary, Petitioner Jones could not have been convicted of any crime on Hunt's testimony, and her counsel's conduct would have been questionable, had she ventured to cross-examine Hunt.  Respondent cites the decision of the District Court of North Dakota in *United States v. Vargas,* 469 F. Supp. 2d 752 (D.N.D. 2007), which held that it was not unreasonable for an attorney to forego cross-examination of a witness who does not implicate her client. *Id.* at 764. The record in Petitioner Jones' case indicates that to be exactly the situation here.

Jones' suggestion of a conflict of interest infers that her attorney had a duty to recuse herself.  However, no real conflict is demonstrated by the record.  Moreover, had Petitioner's counsel recused herself, Emmitt Hunt would still have been a witness for the Government and the recusal would have had no evidentiary change for Petitioner. Likewise, no prejudice was worked upon Petitioner Jones by counsel remaining in the case. Jones' claim of ineffective assistance of counsel relating to a non-existent conflict of interest fails on both prongs of the *Strickland* test.   Petitioner cannot have been prejudiced when no conflict existed.  No prejudice occurred, and therefore, there is no showing of ineffective assistance of counsel.

Petitioner's claim *en passant* in her § 2255 Motion that she "never saw my PreSentence Investigation report (PSR), nor did my counsel discuss it with me" (Doc. 250 at 8), is in conflict with Petitioner's sworn colloquy with the court at her sentencing hearing, as follows:

> The Court: First of all, Ms. Jones, is it correct you've read the PreSentence Investigation Report?
>
> Defendant Jones: Yes, Sir.
>
> The Court: Has Ms. Driskell expressed those objections as you understand them to be?
>
> Defendant Jones: Yes, Sir.

  The Court: Are there any other objections?

  Defendant Jones: No, Sir.

(Doc. 237 at 7).   This conflict in Petitioner's sworn position stated to the Court nullifies her present contention that she was unaware of the PSR prior to her incarceration.

  In her **Ground Two,** Petitioner Jones challenges the "Reasonableness of Sentencing." (Doc. 250 at 10).   She first asserts that, "My court-appointed counsel failed to share with me any information pertaining to the sentencing guidelines as set forth under 18 U.S.C. § 3553(a).  I was never apprised of Fed.R.Crim.P. 52 which provides: Rule 52 Harmless error and plain error." *Id.*

  First, 18 U.S.C. § 3553(a) imposes a duty upon the sentencing court to consider a long list of "factors to be considered in imposing a sentence," which includes a consideration of the sentencing range established for the category of offense committed.  Petitioner Jones does not suggest that the court failed in its duty to consider the factors enumerated before imposing its sentence, or whether the court erred in the consideration of any one or more of those factors.

  Secondly, Fed.R.Crim.P. 52, Harmless and Plain Error, likewise imposes a duty on the sentencing court to consider the entire record of the case, without regard to technical errors, defects, or exceptions which do not affect the substantial rights of the parties, before issuing judgment.  *See* Fed.R.Crim.P 52 and advisory committee notes.  Petitioner Jones does not suggest that the court failed in its duty to consider the entire record in her case before issuing its sentence, nor does she suggest the misconstruction of any specific part of the record.  Petitioner's challenge to the reasonableness of her sentence is more clearly presented in Petitioner's statement beginning on page 10 of her § 2255 Motion, where she states:

> I come before the court to pray for a reduction in my sentence based on an offense level more to a level of a non-violent first time offender. I was sentenced to 78 months for violation of 18 U.S.C. § 286 directly related to receiving refund checks totaling in excess of $200,000 from July 1, 2000, through April 10, 2001 ... My father Marvin Kirk Jones admitted to filing fraudulent returns and using my address to mail the checks. ... I apologize and I am most remorseful for my participation in any scheme or conspiracy with my father. ... I beg the court for a "Downward Departure" or a lesser guideline sentencing range.

(Doc. 250 at 10, 11).  Petitioner's reference here to a limited amount of money from the fraudulent tax refund scheme and conspiracy echoes her counsel's objection to the PreSentence Report's ¶ 16. (Doc. 203).  Counsel stated Petitioner's objection as follows:

> The PSR miscalculates Defendant's Offense Level with the 18-level increase pursuant to U.S.S.G. § 2B1.1(b)(J) by alleging the loss to be more than $2,500,000. ... The evidence introduced at trial as to any alleged conspiracy with the three defendants only did not exceed $30,000.  Thus, the enhancement as to the dollar amount should be 6 points and not 18.

The trial court rejected this argument at the pre-sentence conference.  Paragraph 9 of the PSR summarized the evidence and result of the conspiracy for which Petitioner was convicted.  In ¶ 9 it was reported:

> Marvin Jones devised and executed a widespread tax refund scheme wherein he filed 387 fraudulent income tax returns, resulting in the issuance of refund checks, to which none of the recipients were entitled.  Refund checks totaling $972,845 were actually mailed to various addresses supplied by Marvin Jones, Shanika Jones, and others.  The actual amount of refunds claimed was $3,372,202.96.

Thus, the PSR established from the evidence the actual and the intended loss attributable to the conspiracy and therefore to the conspirators.  Counsel's objection was to the application of U.S.S.G. § 2B1.1(b), which provides:

> Specific Offense Characteristics. (1) If the loss exceeded $5,000,

7

increase the offense level as follows: (J) More than 2, 500,000 add **18.**

Guideline Application Note 3(A) following U.S.S.G. § 2B1.1(b)(1) provides that the "*loss is the greater of actual loss or intended loss.*"  The increase by 18 points to Petitioner's Guideline Sentence Range was prescribed by the evidence and  by U.S.S.G. § 2B1.1(b)(1)(J) and accepted by the court.  While the guidelines are advisory, the court is obligated to consider them in its consideration of sentencing factors pursuant 18 U.S.C. § 3553.

Petitioner has failed to support her claims of ineffective assistance of counsel at trial or sentencing and failed at sentencing to convince the court of her minor role in the conspiracy to defraud the IRS and the Government and has demonstrated no ineffective assistance of counsel nor carried her burden of proof in establishing the same for reduction of her sentencing guideline range, which the court has heretofore rejected and should find no reason to depart from that determination at this time.

**WHEREFORE, IT IS RECOMMENDED** that Petitioner's Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 be DENIED.  Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN FOURTEEN (14) DAYS after being served with a copy hereof.

**SO RECOMMENDED** this 5th day of January 2010.

                                            **S/G. MALLON FAIRCLOTH**
                                            **UNITED STATES MAGISTRATE JUDGE**