IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| SHANIKA NATASHA JONES, | : | |
| | : | |
| Petitioner, | : | |
| | : | CASE NO.: 1:05-CR-13-2 (WLS) |
| v. | : | CASE NO.: 1:09-CV-90067 (WLS) |
| | : | 28 U.S.C. § 2255 |
| THE UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |
| | : | |

## ORDER

Before the Court is a Report and Recommendation from United States Magistrate Judge G. Mallon Faircloth, filed January 5, 2010. (Doc. 257). It is recommended that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, filed pursuant to 28 U.S.C. § 2255 (Doc. 250) (hereinafter "Motion to Vacate"), be denied. (*Id.* at 8). Petitioner timely filed an Objection to Judge Faircloth's Recommendation on January 22, 2010. (Doc. 262).

In the Recommendation, Judge Faircloth finds no merit in Petitioner's allegations of ineffective assistance of counsel for failure (1) to move to quash the superseding indictment due to the absence of the term "other conspirators either known or unknown"; (2) to present evidence to substantiate her claims of noninvolvement in the conspiracy of which she and her co-conspirators were convicted; (3) to cross-examine Emmit Hunt, one of the Government's witnesses; (4) to inform Petitioner or the Court of the conflict of interest created by the allegedly incriminating testimony of Hunt, whom Petitioner's counsel had formerly represented; (5) to present and review with Petitioner the pre-sentence investigation (PSI) report; and (6) to share any information concerning the sentencing guidelines, as set forth under 18 U.S.C. § 3553(a) or more generally, to adequately challenge the reasonableness of Petitioner's sentencing. (*See* Doc.

1

257 at 3-7). For the following reasons, Judge Faircloth finds that the foregoing allegations fall short of meeting Petitioner's burden to establish the deficiency and prejudice prongs under Strickland v. Washington, 466 U.S. 668 (1984), for ineffective assistance of counsel claims. (*Id.* at 2).

First, Judge Faircloth explains that the Superseding Indictment included the language of the conspiracy statute with which Petitioner was charged, so Petitioner's counsel had no reason to move quash or suppress the superseding indictment. (*Id.* at 3). Second, Petitioner's Motion to Vacate generally alleges ineffective assistance of counsel, in violation of Eleventh Circuit case law, by failing to explain what evidence Petitioner's counsel should have offered to substantiate Petitioner's asserted noninvolvement in the conspiracy. (*Id.* at 4 (quoting United States v. Lawson, 947 F.2d 849, 853 (11th Cir. 1992)). Third, because Hunt's testimony did not include evidence against Petitioner and thus, did not implicate her—as his testimony was solely limited to another defendant's contribution to the conspiracy—Judge Faircloth finds that Petitioner's counsel had no duty to cross-examine Hunt. (*Id.*). Fourth, Judge Faircloth determines that no conflict of interest existed to require Petitioner's counsel's withdrawal from Petitioner's case, for had Petitioner's counsel withdrawn, Hunt still would have been a witness for the Government and thus, would not have impacted the outcome of Petitioner's case. (*Id.* at 5). Fifth, Petitioner's sworn colloquy with the Court at her sentencing hearing indicates that she did review the PSI report. (*Id.*). Lastly, Judge Faircloth concludes that Petitioner has not alleged that the Court failed to consider and thus, that her counsel failed to share, the § 3553(a) factors or the entire record in the case before imposing a sentence, and that her challenge to her counsel's failure to object to sentencing is contradicted by her counsel's noted objection to the PSI report, which was previously considered and rejected by the Court. (*Id.* at 6-7).

2

In response, Petitioner's Objection attempts to clarify the findings of Judge Faircloth's Recommendation. For example, she objects to Judge Faircloth's finding that Petitioner's Motion to Vacate seemingly challenges her counsel's failure to move to suppress or quash the superseding indictment for failure to include "[o]ther conspirators known or unknown [sic]." (Doc. 262 at 2 "[M]y intention is not to mislead the court that counsel was ineffective for failing to move to quash the superseding indictment for absence of the term, 'Other conspirators either known or unknow [sic].'"). She seeks to establish that she was not part of any conspiracy and that her acceptance of funds from her father during his incarceration was part of their "daughter/father relationship that does not meet the definition of conspiracy." (*Id.*). Additionally, Petitioner's Objection replies to arguments asserted by the Government in its response to Petitioner's Motion to Vacate by explaining that there was a conflict of interest between her and her counsel, who in fact admitted that she failed to cross-examine Hunt because she had previously represented him, and that her counsel denied her adequate representation by failing to withdraw from representing Petitioner. (*Id.* at 3).

The Court finds that Petitioner's Objection fails to rebut the legally sound recommendations of Judge Faircloth, as Petitioner, in attempting to correct Judge Faircloth's findings or in replying to the Government's response to her Motion to Vacate, merely attacks the superseding indictment on which her conviction was based or realleges and clarifies grounds that she argues (or should have argued) in her Motion to Vacate. For example, Petitioner contends that she lacked the knowledge to engage in a conspiracy to defraud the Government—a fact that she argues could have been proved had her counsel interviewed her father, Marvin Jones, with whom she was convicted of conspiring. (*See, e.g.*, *id.* at 4). Such objections also appear to challenge, without Court authorization, the Government's response to Petitioner's Motion to

3

Vacate. Judge Faircloth's Report and Recommendation, however, only permitted the Parties to file objections to the *Recommendation* within the prescribed time period (*see* Doc. 257 at 8 (authorizing parties to file objections to Report and Recommendation within fourteen days)); it did not authorize Petitioner to file an out-of-time reply to the Government's response to her Motion to Vacate—the deadline for which expired in December 2009 (*see* Doc. 256 (filed Dec. 11, 2009)). Accordingly, the Court agrees with Judge Faircloth's findings and recommendation, holding that Petitioner has not met its two-pronged burden under Strickland and thus, does not sufficiently move the Court to disturb Judge Faircloth's findings and recommendation.

For these reasons, the objections set forth in Petitioner's Objection (Doc. 262) are **OVERRULED** and United States Magistrate Judge Faircloth's January 5, 2010 Report and Recommendation (257) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the reasons stated and conclusions reached herein. Accordingly, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 250), filed pursuant to 28 U.S.C. § 2255, is **DENIED**.

**SO ORDERED**, this  25th  day of January 2011.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**